UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL FRANKLIN,

          Petitioner,          Case Number 07-10548
v.                                            Honorable David M. Lawson

CINDI CURTIN,

          Respondent.
_____/

## AMENDED ORDER GRANTING MOTION TO FILE CRIME SCENE VIDEOTAPE AND CRIME SCENE PHOTOGRAPHS UNDER SEAL AND GRANTING RESPONDENT'S *EX PARTE* MOTION FOR LEAVE TO FILE EXHIBITS IN THE TRADITIONAL MANNER

The matter is before the Court on the respondent's motion to file crime scene videotape and crime scene photographs under seal and the respondent's *ex parte* motion for leave to file exhibits in the traditional manner.

On December 10, 2010, the Court ordered this matter reopened and required the respondent to file an answer by June 10, 2011. The respondent, represented by Michigan's Attorney General, knew well before the June 10, 2011 deadline that she would need to file the videotape and photographs of the crime scene as part of the Rule 5 materials because the Michigan Court of Appeals relied on the evidence admitted during trial to conclude that there was overwhelming evidence of the petitioner's guilt. Yet, the respondent failed to file the appropriate motion to seal the material before filing the photographs with the Court. Instead, the respondent filed the Rule 5 material, along with the sensitive photographs, on the day of the deadline and only asked for them to be sealed afterward. In the motion to seal, the assistant attorney general alleged that the photographs should be sealed to protect the victims and the victims' family from embarrassment and exploitation. Counsel's actions have caused sensitive and disturbing photographs that could cause

distress to the victims' family to be publicly available despite the claim that the photographs should be sealed to protect the victims and their family. Counsel has handled the evidence poorly and is admonished to be mindful of the filing deadlines so as to allow adequate time to file any necessary motions.

It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978). This authority includes fashioning protective orders that limit access to certain court documents. *See* Fed. R. Civ. P. 26(c). But the district court's power to seal records is subject to the "long-established legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983); *see also Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir.1996) ("Rule 26(c) allows the sealing of court papers only 'for good cause shown' to the court that the particular documents justify court-imposed secrecy."). As the court of appeals explained in *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983), there is a "presumptive right" of public access to court records which permits inspection and copying.

> The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh*, 2 App. D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."

*Id.* at 474 (citations omitted).

There is a strong public policy in favor of public access to judicial proceedings. *See, e.g., E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court

records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). Certainly, the Court has the discretion to limit this access in extraordinary cases, such as when those seeking access intend to "gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case," or use court "files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know. But . . . the decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *Knoxville News-Sentinel*, 723 F.2d at 474.

In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 602 (court must consider "relevant facts and circumstances of the particular case"); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests."). But as noted above, "there is a strong presumption that court files will be open to the public," which may be overcome only "where a party's interest in privacy . . . outweigh[s] the public interest in disclosure." *Smith v. SEC*, 129 F.3d 356, 359 n.1 (6th Cir. 1997).

The respondent asserts that the crime scene videotape and photographs include images of the nude and semi-posed bodies of the petitioner's ex-wife and her two daughters, aged 10 and 8. The Court finds that the privacy interests of the victims' family outweigh the public interest in disclosure and that the respondent has shown good cause to seal the crime scene videotape and the crime scene photographs, albeit after counsel has filed the exhibits in the public record.

The respondent also seeks the Court's leave to file video recordings of the crime scene and police interviews in the traditional manner because they are not able to be authentically converted to electronic format. Pursuant to Rule 18(c) of the Electronic Filing Policies and Procedures, a party may file an exhibit in the traditional manner if the exhibit is a physical object that cannot authentically be converted to PDF format. The Court agrees that these exhibits cannot be authentically converted to electronic form as required by Rule 18(a), and the motion will therefore be granted.

Accordingly, it is **ORDERED** that the respondent's motion to seal the crime scene videotape and crime scene photographs [dkt. #22] is **GRANTED**. The Clerk of the Court is directed to file the crime scene videotape and the crime scene photographs [dkt. #20] **UNDER SEAL**.

It is further **ORDERED** that the respondent's *ex parte* motion for leave to file exhibits in the traditional manner [dkt. #21] is **GRANTED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 24, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 24, 2011.

                                            s/Deborah R. Tofil
                                            DEBORAH R. TOFIL