UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL FRANKLIN,

        Petitioner,         Case Number 07-10548

v.         Honorable David M. Lawson

CINDI CURTIN,

        Respondent.

_____/

## ORDER DENYING MOTION TO HOLD PETITION IN ABEYANCE

The matter is before the Court on the petitioner's motion to hold his petition in abeyance. The petitioner, Daniel Lorenzo Franklin, presently confined at Oaks Correctional Facility in Manistee, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction of first-degree murder and his sentence of life imprisonment, which followed a jury trial in the Oakland County, Michigan Circuit Court. The petitioner's original petition contained the following five claims:

> I. Defendant's right to a fair trial and to the right of confrontation under both the state and federal Constitutions were violated by the repeated introduction of hearsay evidence.
>
> II. Defense was denied due process when the court erroneously allowed D'anajah Franklin's statement of identification into evidence under the exciting utterance exception to the hearsay rule.
>
> III. The lower (trial and appellate) courts erred in overruling a defense request for a jury instruction on second-degree murder. Defendant conceded that existing law, being *People v. Cornell*, does not support argument. If so, Defendant submits that the law is wrong and should be changed.
>
> IV. Remand to trial court to present newly discovered evidence which was not discoverable prior [to], nor during the trial herein.

> V. Defendant was denied ineffective assistance of appellate counsel when appellant counsel failed to raise or argue newly discovered evidence on direct appeal of right and for failing to inform the defendant of his right to argue said issue in *pro per*.

The Court found that the petitioner had failed to exhaust his fourth and fifth claims and directed the petitioner either to file an amended petition that deleted the unexhausted claims or to file a motion to hold this case in abeyance to permit him to return to state court to exhaust those claims. The petitioner chose to file a motion to hold his petition in abeyance, and the Court granted the petitioner's motion.

Approximately ten months later, after filing a motion for relief from judgment in the trial court and appealing the denial of the motion to the Michigan Supreme Court, *People v. Franklin*, 487 Mich. 854, 785 N.W.2d 156 (2010), the petitioner filed an amended petition for writ of habeas corpus that contained the following ten claims:

> I. Defendant's right to a fair trial and to the right of confrontation under both the state and federal Constitutions were violated by the repeated introduction of hearsay evidence.
>
> II. Defense was denied due process when the court erroneously allowed D'anajah Franklin's statement of identification into evidence under the exciting utterance exception to the hearsay rule.
>
> III. The lower (trial and appellate) courts erred in overruling a defense request for a jury instruction on second-degree murder. Defendant conceded that existing law, being *People v. Cornell*, does not support argument. If so, Defendant submits that the law is wrong and should be changed.
>
> IV. Defendant was denied a fair trial and due process of law in that the prosecutor knowingly and intentionally used perjured, false and misleading testimony to obtain a conviction and withheld evidence favorable to the Defense on the issue of innocence or guilt.
>
> V. Defendant was denied his state and federal constitutional rights to effective assistance of counsel by Defense counsel's failure to introduce evidence that places Defendant somewhere else. Which could have been used as both exculpatory and impeachment evidence.

> VI. Defendant's due process rights were violated by the use of information obtained by the use of witness intimidation, threats and subornation of perjured and false testimony by Det. Darrin McAllister and Det. Sharron McKinney.
>
> VII. Defendant was denied a fair trial and due process by the prosecution allowing into evidence information obtained by threats, witness tampering, intimidation, influencing and harassing witnesses into a conspiracy to obstruct justice.
>
> VIII. Defendant was denied state and federal right to effective assistance of appellate counsel where said attorney omitted raising so obvious an issue and failed to advise that Defendant could do so with clerical assistance in *pro per*.
>
> IX. Defendant's due process rights were violated when the prosecutor failed to disclose information that one of the officers investigating this case was having an affair with the victim. Thus creating numerous misconducts and a conflict of interest.
>
> X. Prosecution's failure to disclose to Defendant evidence in their possession violated Defendant's due process rights to a fair trial. And by suppressing these records (new evidence exhibit A) "actual prejudice" and prosecutorial misconduct occurred.

The petitioner now requests that his petition be held in abeyance again to allow him time to return to state court to exhaust his state remedies with respect to his tenth claim. The petitioner acknowledges that he did not raise his tenth claim in his motion for relief from judgment.

As the Court noted in its previous order, federal courts are required to dismiss habeas petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Federal courts, however, may hold a habeas petition in abeyance to allow the petitioner time to exhaust his state remedies, provided there is good cause for the failure to exhaust claims. The Court has held the petition in abeyance once before to allow the petitioner to exhaust his state claims and sees no reason to hold the petition in abeyance again. Therefore, the petitioner's motion to hold his petition in abeyance will be denied.

Accordingly, it is **ORDERED** that the petitioner's motion to hold his petition in abeyance [dkt. #26] is **DENIED**.

It is further **ORDERED** that petitioner is directed to either voluntarily dismiss his unexhausted claims or file an amended petition containing only the claims he wishes to put forth. If the petition contains mixed claims, i.e. exhausted and unexhausted claims, it will be dismissed.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: July 1, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2011.

s/Deborah R. Tofil<br>
DEBORAH R. TOFIL